<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW BAYNES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRADY PLUS CORPORATION et al,<br><br>　　　　　Defendants. | Civil Action No. 25-16859 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>February 17, 2026 |

**WIGENTON**, District Judge.

　　**THIS MATTER** having come before this Court upon Defendants Brady Plus Corporation and Mooney General Paper Co., LLC's, improperly pled as "Mooney General Paper Co.," ("Defendants") Motion to Dismiss (D.E. 5) Count II of Plaintiff Matthew Baynes' ("Plaintiff") Complaint (D.E. 1 ("Compl.")), and this Court having reviewed the Defendants' submissions, noting that it is unopposed; and

　　**WHEREAS** Defendants removed this action to this Court on the basis of federal question jurisdiction, arguing that Count II of Plaintiff's Complaint is preempted by Section 7 and Section 8 of the National Labor Relations Act ("NLRA").  (D.E. 1; D.E. 5.)

　　**WHEREAS** the Supreme Court held that when the States regulate activity that is "arguably protected" under Section 7 of the NLRA or "arguably prohibited" under Section 8 of the NLRA, "the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board ("NLRB") in order to avert "the danger of state interference with national [labor] policy." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  Section 7 of the NLRA protects employee rights to collectively bargain and "engage in other concerted

activities for the purpose of ... mutual aid or protection." 29 U.S.C. § 157. Section 8 of the NLRA prohibits employers from "interfer[ing] with, restrain[ing], or coerc[ing] employees in the exercise of the rights guaranteed in [Section 7]." 29 U.S.C. § 158(a)(1).

**WHEREAS** "*Garmon* preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicated protected concerted activity under Section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under Section 8 of the NLRA, the cause of action is preempted." *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 378 (3d Cir. 1999); *see also Davis v. Benihana, Inc.*, 772 F. Supp. 3d 524, 540 (D.N.J. 2025). Here, Plaintiff alleges that he was terminated in retaliation for refusing to facilitate Defendant's anti-union activities, which he reasonably believed to violate the NLRA. As such, Plaintiff's claims clearly implicate protected concerted activity under Section 7 of the NLRA and alleges that Defendants were engaged in unfair labor practices under Section 8 of the NLRA. Accordingly, this Court lacks subject matter jurisdiction over Count II of Plaintiff's Complaint because it is preempted by the NLRA and must be heard before the NLRB; therefore

Defendants' Motion to Dismiss is **GRANTED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       José R. Almonte, U.S.M.J.